UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST** <br> 1470 Worldwide Place <br> Vandalia, Ohio  45377 | **CASE NO.** <br><br> **JUDGE** |
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST** <br> 1470 Worldwide Place <br> Vandalia, Ohio  45377 | |
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST** <br> 1470 Worldwide Place <br> Vandalia, Ohio  45377 | **COMPLAINT FOR VIOLATIONS OF ERISA SEEKING DECLARATORY AND INJUNCTIVE RELIEF, COSTS, AND ATTORNEYS' FEES** |
| Plaintiffs, | |
| v. | |
| **ARCHITECTURAL ERECTORS, INC.** <br> 7215 East Thompson Road <br> Indianapolis, IN 46239 | |
| Defendant. | |

1.    This is a suit brought by three employee benefit plans pursuant to Section 502(d) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. 1132(d), to enforce the terms of the plans' governing plan documents with respect to Architectural Erectors, Inc. ("Architectural Erectors") obligating to submit to a payroll audit.  This suit is brought pursuant to § 502(a)(3) of ERISA, and seeking equitable relief pursuant to the provisions of ERISA and the attorneys' fees and collection costs incurred as a result of bringing this action.  This suit

also seeks post-judgment interest pursuant to Title 28 U.S.C. § 1961.

PARTIES - BENEFIT TRUST

2.      Plaintiff **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST** (the "Benefit Trust") was created pursuant to a written Agreement and Declaration of Trust (the "Benefit Trust Agreement"), entered into on August 1, 1952, between various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (the "Participating Unions") and various employers having collective bargaining agreements ("CBAs") with the Participating Unions involved.  The Benefit Trust Agreement is attached as **Exhibit 1**.  The Benefit Trust Agreement has been amended from time to time.

3.      The Benefit Trust was created for the purpose of providing and maintaining life insurance, weekly accident and sickness benefits, hospitalization coverage, medical and surgical coverage, and dental coverage for the benefit of participating employees and their families.  The Benefit Trust is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1).

PARTIES - THE PENSION TRUST

4.      Plaintiff **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST** ("Pension Trust"), was created pursuant to a written Agreement and Declaration of Trust ("Pension Trust Agreement"), entered into on October 30, 1962, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved.  The Pension Trust Agreement is attached as **Exhibit 2**.  The Pension Trust Agreement has been amended from time to time.

2

5.     The Pension Trust was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries.  The Pension Trust is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, Title 29 U.S.C. § 1002(2).

PARTIES – ANNUITY TRUST

6.     Plaintiff **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST** ("Annuity Trust") (hereinafter the Benefit Trust, the Pension Trust, and the Annuity Trust shall be referred to collectively as the "Trusts"), was created pursuant to a written Agreement and Declaration of Trust ("Annuity Trust Agreement") (hereinafter the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement shall be referred to collectively as the "Trust Agreements"), entered into on April 27, 1971, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved.  The Annuity Trust Agreement is attached as **Exhibit 3**.  The Annuity Trust Agreement has been amended from time to time.

7.     The Annuity Trust was created for the purpose of providing annuity benefits for participating employees and their beneficiaries.  The Annuity Trust is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, Title 29 U.S.C. § 1002(2).

PARTIES – ARCHITECTURAL ERECTORS, INC.

8.     Architectural Erectors is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145 respectively with its principal place of business in the State of Indiana.

JURISDICTION AND VENUE

9.     The jurisdiction of this Court is invoked pursuant to Sections 502(a)(3), (e)(1),(2),

3

(f), and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1)(2), (f), and (g)(2) respectively, which provide that the United States district courts shall have exclusive jurisdiction, without regard to the amount in controversy, or the citizenship of the parties, to enforce the provisions of ERISA or the terms of the plan.

10.     The Trusts' principal place of operation and administration is located in the City of Vandalia, Montgomery County, State of Ohio, and as such, is within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 115(b)(1).

11.     This action is properly brought in the United States District Court for the Southern District of Ohio, Western Division, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that actions to redress violations of ERISA may be brought in a district court of the United States where the plan is administered, and process may be served in any other district where a defendant resides or may be found.

<u>STANDING</u>

12.     Pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), the Trusts may sue, as entities, for the relief sought in this case.

<u>THE TRUSTS ARE MULTIEMPLOYER PLANS
WITHIN THE MEANING OF ERISA</u>

13.     The Trusts are maintained pursuant to one or more CBAs between one or more labor organizations and more than one employer.

14.     The CBAs require more than one employer to contribute to the Trusts.  Hence, the Trusts are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

RELEVANT COLLECTIVE BARGAINING AGREEMENT

15.     At all times relevant to this suit, Architectural Erectors has been bound to the terms of the collective bargaining agreement with the Iron Workers Local No. 22, Indianapolis, Indiana ("Local Union CBA"), which are Participating Union affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers.

16.     The Local Union CBA establishes the wages, hours, and terms and conditions of employment of Architectural Erectors' bargaining unit employees covered thereunder.

17.     Among the wages, hours, and terms and conditions of employment established by the Local Union CBA is the requirement that Architectural Erectors contribute a certain amount per hour for each covered employee to the Trusts.

18.     The Local Union CBA binds Architectural Erectors to the Trust Agreements and all provisions therein.

THE PARTICIPATION AGREEMENT AND COLLECTION POLICY

19.     At all times relevant to this action Architectural Erectors has been party to one or more agreements, known as the "Participation Agreement," with the Trusts, whereby Architectural Erectors agreed to do the following:

i.      to accept, to be bound by, and to comply with the terms and provisions of the Agreements and Declarations of Trust establishing the Benefit Trust, the Pension Trust, and the Annuity Trust, as follows: (a) [t]he Agreement and Declaration of Trust, dated August 1, 1952, and establishing the Benefit Trust, as amended, and as thereafter amended (herein called the "Benefit Trust Agreement"); (b) [t]he Agreement and Declaration of Trust, dated October 30, 1962, establishing the Pension Trust, as amended, and as hereafter amended (herein called the "Pension Trust Agreement"); and (c) [t]he Agreement and Declaration of Trust, dated April 27, 1971, establishing the Annuity Trust, as amended, and as hereafter amended (herein called the "Annuity Trust Agreement"); and

ii.     To contribute to the Benefit Trust, the Pension Trust, and the Annuity Trust at the contribution rates contained [by collective bargaining agreements with the International Association of Bridge, Structural, and Ornamental Iron Workers, or its local unions, covering the Defendant's employees].

A copy of Architectural Erectors' Participation Agreement is attached as **Exhibit 4** to this Complaint.

20.     The Participation Agreement binds Architectural Erectors to the Trust Agreements.

## COUNT I – ARCHITECTURAL ERECTORS FAILED TO COMPLY WITH THE TRUSTS' AUDIT DEMAND IN VIOLATION OF SECTION 515 OF ERISA

21.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

22.     Pursuant to Article III, Section 4 of the Benefit Trust Agreement, Article VIII, Section 5 of the Pension Trust Agreement, and Article VIII, Section 5 of the Annuity Trust Agreement, Architectural Erectors is required to allow the Trusts' authorized agent access to its payroll records for the purpose of a payroll audit.

23.     In a letter dated February 12, 2018, the Trusts demanded that Architectural Erectors contact Clark, Schaefer, Hackett & Co. ("CSHC"), the Trusts' auditors, to schedule a payroll audit covering work hours performed from January 1, 2017 through January 31, 2018.  A copy of this letter is attached as **Exhibit 5**.

24.     Architectural Erectors failed to provide complete information for the audit and ceased communications with CSHC.

25.     The Trusts and CSHC also sent several emails and made several phone calls to Architectural Erectors attempting to secure complete information for the audit, without results.

26.     On October 19, 2018, after Architectural Erectors failed to comply with the Trusts' requests, the Trusts' legal counsel sent Architectural Erectors a letter demanding that it contact

CSHC to comply with the audit demand by November 2, 2018 or litigation could ensue. A copy of this letter is attached as **Exhibit 6**.

27.     Architectural Erectors failed to cooperate with CSHC or provide it the documents needed to complete the payroll audit.

28.     Article III, Section 4 of the Benefit Trust Agreement, Article VIII, Section 5 of the Pension Trust Agreement and Article VIII, Section 5 of the Annuity Trust Agreement permit the Trusts to undertake a payroll audit of a contributing employer.

29.     Pursuant to Article III, Section 4 of the Benefit Trust Agreement and Article VIII, Section 5 of the Pension Trust Agreement and Annuity Trust Agreement:

> If a 10% shortage appears in an initial examination or a 5% shortage
> is shown by a subsequent examination, the Employer shall pay all
> costs associated with that examination.

30.     The Trusts are seeking to enforce the terms of the Trust Agreements pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), through the issuance of a declaratory order requiring Architectural Erectors to pay all costs associated with the audit should a 10% shortage be discovered.

31.     Pursuant to Article III, Section 8 of the Benefit Trust Agreement, Article VIII, Section 5 of the Pension Trust Agreement, and Article VIII, Section 5 of the Annuity Trust Agreement:

> If any Employer fails to furnish any necessary employment,
> personnel, or payroll records in accordance with ordinary auditing
> procedures, the Trustees may obtain those records through legal
> action. In such event all service fees, court costs, and actual attorney
> fees incurred by the Trustees shall be paid by the Employer.

32.     The Trusts are seeking to enforce the terms of the Trust Agreements pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), through the issuance of a declaratory order

requiring Architectural Erectors to comply with the Trusts' demand for a payroll audit in accordance with the Trusts' governing documents.

33.     The Trusts are also seeking the issuance of a declaratory order requiring Architectural Erectors to pay any unfunded benefits, and other costs and associated attorneys' fees through this Case.

**PRAYER FOR RELIEF**

WHEREFORE, the Trusts request that this honorable Court grant them the following relief:

1.     A declaratory order finding that Architectural Erectors is bound to the Local Union CBA, the Trust Agreements, and the Participation Agreement.

2.     A declaratory order requiring Architectural Erectors to schedule a payroll audit with CSHC within seven (7) calendar days of the entry of this order in compliance with the Trust Agreements, and to provide all documents requested by CSHC in furtherance of the payroll audit.

3.     A declaratory order requiring Architectural Erectors to submit to an onsite payroll audit by CSHC within twenty-eight (28) calendar days of the entry of the Court's order, and requiring Architectural Erectors to pay any amounts found to be owed to the Trusts as a result of the payroll audit.

4.     A monetary judgment against Architectural Erectors in the Trusts' favor for costs associated with the performance of the audit if Architectural Erectors is found to owe the Trusts more than ten percent (10%) of the fringe benefit contributions that Architectural Erectors originally reported to the Trusts.

5.     A monetary judgment against Architectural Erectors in the Trusts' favor for the Trusts' attorneys' fees and other costs of this action.

6.     A monetary judgment against Architectural Erectors in the Trusts' favor for

interest, liquidated damages, costs, and attorneys' fees.

7.     That a permanent injunction be issued against Architectural Erectors pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Trusts.

8.     Post judgment interest pursuant to 28 U.S.C. § 1961 on all amounts found to be owed by Architectural Erectors as a result of the payroll audit.

9.     Such other legal or equitable relief as this Court deems appropriate.

10.     The Trusts also request that this Court retain jurisdiction over this case pending Architectural Erectors' compliance with its orders.

Respectfully submitted,

/s/ Joseph C. Hoffman, Jr
Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)
Joseph D. Mando (Ohio Reg. No. 0082835)
David M. Pixley (Ohio Reg. 0083453)
Faulkner, Hoffman & Phillips, LLC
20445 Emerald Parkway Dr., Suite 210
Cleveland, Ohio 44135-6029
Phone: (216) 781-3600
Fax:     (216) 781-8839
Email: hoffman@fhplaw.com
Email: mando@fhplaw.com
Email: pixley@fhplaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 120th day of November, 2018 a copy of the foregoing Complaint was served via certified mail pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h) on the following:

> Secretary of the Treasury
> Internal Revenue Service
> 1111 Constitution Avenue, N.W., Room 4428
> Washington, D.C.  20224
> Attention:      Employee Plans
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, D.C.  20210
> Attention:      Assistant Solicitor for
>                 Plan Benefits Security

/s/ Joseph C. Hoffman
Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)