UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST.,** *et*<br><br>Plaintiffs,<br><br>v.<br><br>**ARCHITECTURAL ERECTORS, INC.**<br><br>Defendant. | CASE NO. 3:18-cv-00382<br><br>JUDGE THOMAS ROSE<br><br><u>**ORDER**</u> |

This action came before the Court on Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust ("Benefit Trust"), Iron Workers District Council of Southern Ohio & Vicinity Pension Trust ("Pension Trust"), and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust ("Annuity Trust") (collectively the "Trusts" or "Plaintiffs"), Motion for Default Judgment against Defendant Architectural Erectors, Inc. ("Defendant"). This Court now grants Plaintiffs' Motion for Default Judgment against Defendant in its entirety. Accordingly, based on the foregoing this Court **GRANTS** the following relief:

1. A declaratory order finding Defendant to be in violation of the Trust Agreements for failing to submit to timely submit employer and employee fringe benefit contributions to the Trusts.

2. A declaratory order finding Defendant to be in violation of the Trust Agreements comply with the Trusts' auditor's request to examine and review the documents necessary to complete a payroll audit of Defendant.

3. A monetary judgment in Plaintiffs' favor and against Defendant in the amount determined to be owed to the Trusts as a result a completed payroll audit of Defendant and for all

costs associated with such audit.

4. A monetary judgment against Defendant for the Trusts' reasonable attorneys' fees and other costs associated with this action, thus far, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements in the amount of **$2,764.50**.

5. A permanent injunction against Defendant be issued prohibiting Defendant from committing future violations of Section 515 of ERISA, 29 U.S.C. § 1145 and the Trust Agreements with respect to the Trusts in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

6. This Case shall remain open and that this Court shall retain jurisdiction over this matter and the parties until a payroll audit of Defendant can be completed and Plaintiffs obtain a judgment for amounts determined to be owed to Plaintiffs as a result a completed payroll audit of Defendant, plus additional reasonable attorneys' fees and other costs incurred by Plaintiffs in this action.

7. Post-judgment interest on all monetary awards pursuant to 28 U.S.C. § 1961.

8. Such other legal or equitable relief as this Court deems appropriate.

9. That this Court retain jurisdiction over this case until Defendant fully complies with this Court's order.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT ARCHITECTURAL ERECTORS, INC. THROUGH ITS AUTHORIZED REPRESENTATIVE AND PRINCIPAL, KEITH D. FISHER, IS HEREBY ORDERED TO COMPLY WITH THE TRUSTS' AUDITOR'S REQUEST TO EXAMINE AND REVIEW THE DOCUMENTS NECESSARY TO COMPLETE A PAYROLL AUDIT WITHIN FOURTEEN (14) DAYS OF THE ISSUANCE OF THIS ORDER.**

Date:  February 21, 2019     s/Thomas M. Rose
                             JUDGE THOMAS ROSE